830 So.2d 1223 (2002)
Janet BURGESS and C.M. Boyles
v.
BANKPLUS, A Mississippi Banking Corporation.
No. 2002-CA-00027-SCT.
Supreme Court of Mississippi.
November 21, 2002.
*1225 Eric A. Tiebauer, Waynesboro, attorney for appellants.
Robert P. Thompson, Lynn Butler Dodson, Ridgeland, attorneys for appellee.
Before SMITH, P.J., and COBB and DIAZ, JJ.
SMITH, P.J., for the Court.
¶ 1. This case had its genesis when Bankplus filed suit in the Circuit Court of Wayne County, Mississippi for a deficiency judgment following foreclosure on collateral pursuant to security agreements signed by Janet Burgess and C.M. Boyles. Burgess and Boyles answered the complaint and filed a counterclaim. Discovery was conducted, and the depositions of the Burgess and Boyles were taken. Bankplus filed a motion for summary judgment, and the trial court heard arguments on the motion for summary judgment and entered his order and opinion in favor of Bankplus on all counts in the amount of $18,308.81 and reasonable attorney's fees provided for by the security agreement. Burgess and Boyles appealed.

FACTS
¶ 2. Janet Burgess and C.M. Boyles contest an award of summary judgment in favor of BankPlus. The facts were most succinctly set out by the trial court in the memorandum opinion of August 15, 2000. The following undisputed facts were found by the trial court:
On May 4, 1998, the Defendants executed a Fixed Rate Consumer Note Disclosure and Security Agreement, Note 014, in the amount of $32,000.00 in favor of BankPlus, whereby the Defendants promised to repay the sums indicated therein at the time indicated therein. The Defendants also promised to pay a reasonable attorney fee and all costs of collection if the note was not paid when due. As security for the loan, the Defendants pledged a 1996 Chevrolet Cavalier, a 1995 Chevrolet S14 track, and a 1989 Chrysler Lebaron. Defendant Boyles is the mother of Defendant Burgess. At the time, Burgess was an algebra teacher in the Wayne County School System.
Thereafter, the Defendant, Burgess, filed for relief under the United States Bankruptcy Code on September 9, 1998. Burgess orally informed BankPlus that she had filed Bankruptcy. Thereafter, Burgess voluntarily reaffirmed her debt to BankPlus in the Bankruptcy Court. Burgess was represented by an attorney, Mrs. Cecilia Arnold, when she signed and filed the reaffirmation agreement with the Clerk of the Bankruptcy Court. Burgess made three payments after reaffirming the debt, then she defaulted in her payments.
Upon default by the Defendant Burgess, the Plaintiff repossessed the collateral and sold the cars in accordance with § 75-9-504, MCA. The sale of the vehicles did not bring a sufficient sum to repay Note 014 and a deficiency in the amount of $18,308.81 remains owing to BankPlus. The Plaintiff initiated this lawsuit to collect the remaining principal balance, plus interest, attorneys fees and costs.
In addition to the note above, the Defendant, Burgess, also borrowed $62,482.80 from BankPlus by signing a note and security agreement dated May 5, 1998, and bearing the loan number 006. For the second loan, Burgess pledged a $30,000.00 CD belonging to her mother, and assigned to her, along with 20 acres of land. The Plaintiff did not include this note in its complaint and it is referenced only in connection with the Defendants' counterclaim, which was *1226 filed in response to the Plaintiffs complaint. It is of note that by signing the reaffirmation agreement, Defendant Burgess delayed foreclosure on the 20 acres of land and liquidation of the $30,000.00 CD.
In their counterclaim, the Defendants allege the following: (1) Intentional Interference with Advantageous Financial Position, (2) Bad Faith Business Practices, (3) Negligence, (4) Intentional, Gross, and Negligent Infliction of Emotional Distress, (5) Breach of Contract and Tortious Breach of Contract, (6) Constructive Fraud, (7) Recission and Cancellation, (8) Violation of the Mississippi Unfair or Deceptive Acts and Practices Act, (9) Violation of Mississippi Regulations for the Benefit of Consumer Protection, (10) Implied Covenant of Good Faith and Fair Dealing, and (11) Civil Conspiracy.
Defendant Burgess admits that she signed both notes 006 and 014 and owes the outstanding balance on Note 006 and the outstanding balance on Note 014. Deposition of Burgess, p. 30. Defendant Boyles admits that there is no dispute that she co-signed Note 014 and owes the outstanding balance. Deposition of Burgess, p. 39. The Defendants merely assert that they were promised by the bank that the bank would "work with them" to repay the notes.
The Plaintiff filed the instant Motion for Summary Judgment alleging that every cause of action contained in the Defendants' Counterclaim is without merit and that BankPlus is entitled to a judgment as a matter of law.
¶ 3. The trial court considered the arguments of counsel and held plaintiff BankPlus was entitled to a judgment as a matter of law as to the matters asserted in the complaint and as to the allegations set forth in the counterclaim. Aggrieved, Burgess and Boyles appeal to this Court.

DISCUSSION
¶ 4. This is a collection action filed by BankPlus, in which they sought repayment of loans due and owing by Burgess and Boyles. In their counterclaim, Burgess and Boyles assert numerous allegations against BankPlus. The issues raised on appeal are as follows:
I. WHETHER THE TRIAL COURT COMMITTED A REVERSIBLE ERROR BY IMPROVIDENTLY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT?
II. WHETHER THE QUESTIONS OF THE EXISTENCE OF THE FIDUCIARY RELATIONSHIP IS BEST ANSWERED BY A RULING ON THE MOTION FOR SUMMARY JUDGMENT OR WHETHER THE QUESTION IS BEST ANSWERED BY A JURY?
III. WHETHER THE QUESTION OF THE EXISTENCE OF FRAUD AND/OR MISREPRESENTATION IS BEST ANSWERED BY A RULING ON A MOTION FOR SUMMARY JUDGMENT OR WHETHER THE QUESTION IS BEST ANSWERED BY A JURY?
¶ 5. Since all three issues deal with essentially the same question of law, whether summary judgment was appropriate in this case, the issues are thus considered together and a discussion of the rules of summary judgment and secured transactions is in order. Rule 56(c)of the Mississippi Rules of Civil Procedure allows for summary judgment in cases where there is "no genuine issue as to any material fact and that the moving party is entitled to a *1227 judgment as a matter of law." M.R.C.P. 56(c). This Court conducts a de novo review to determine if the trial court properly granted a motion for summary judgment. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993). In conducting a de novo review, the evidence must be viewed in a light most favorable to the nonmoving party, but, if the evidence shows that the moving party is entitled to a judgment as a matter of law, then "summary judgment should forthwith be entered in his favor." GNB, Inc., 629 So.2d at 599.
¶ 6. By statute, creditors have the right to repossess property to cure default on loans. Miss.Code Ann. § 75-9-601 (2002). Further, the code states that after default, a secured party may sell, lease or other wise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. Id. § 75-9-607. The proceeds of the disposition shall be first applied to the reasonable expenses of retaking, holding, preparing for sale or lease, selling, leasing and the like and, to the extent provided for in the agreement and not prohibited by law, the reasonable attorneys' fees and legal expenses incurred by the secured party. Id. § 75-9-615(a)(1). If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus and unless otherwise agreed, the debtor is liable for any deficiency. Id. § 75-9-615(d)(1-2). But if the underlying transaction was a sale of accounts or chattel paper, the debtor is not entitled to any surplus nor is the debtor liable for any deficiency unless the security agreement so provides. Id. § 75-9-615(e)(1-2). Further, if it is established that the secured party is not proceeding in accordance with the provisions of this Part disposition may be ordered or restrained on appropriate terms and conditions. Id. § 75-9-625(a). If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this Part. Id. § 75-9-625(b-e).
¶ 7. A "fiduciary relationship" is "a very broad term embracing both technical fiduciary relations and those informal relations which exist wherever one person trusts in or relies upon another." Lowery v. Guar. Bank & Trust Co., 592 So.2d 79, 83 (Miss.1991). A fiduciary relationship "may arise in a legal, moral, domestic, or personal context, where there appears `on the one side an overmastering influence or, on the other, weakness, dependence, or trust, justifiably reposed.'" Id. (citing Miner v. Bertasi, 530 So.2d 168, 170 (Miss. 1988); In re Estate of Haney, 516 So.2d 1359 (Miss.1987)). Lowery stands for the proposition that an insurance carrier owes a certain level of fiduciary duty to its clients. First United Bank of Poplarville v. Reid, 612 So.2d 1131, 1138 (Miss.1992). A fiduciary relationship "arises only if the activities of both parties goes beyond their operating on their own behalf and the activity is for the benefit of both." Carter Equip. Co. v. John Deere Indus. Equip. Co., 681 F.2d 386, 391 (5th Cir.1982). A fiduciary relationship "need not be created by contract it may arise from an informal relationship where both parties understand that a special trust and confidence has been reposed." Lowery, 592 So.2d at 84.
¶ 8. However, "ordinarily a bank does not owe a fiduciary duty to its debtors and obligors under the UCC." Peoples Bank & Trust Co. v. Cermack, 658 So.2d 1352, 1358 (Miss.1995), overruled on other grounds by Adams v. U.S. Homecrafters Inc., 744 So.2d 736 (Miss.1999). "This *1228 Court has never held that the relationship between a mortgagor and mortgagee is a fiduciary one." Hopewell Enters., Inc. v. Trustmark Nat'l Bank, 680 So.2d 812, 816 (Miss.1996). An arms length business transaction involving a normal debtorcreditor relationship does not establish a fiduciary relationship. Id. This Court "has repeatedly held that the power to foreclose on a security interest does not, without more, create a fiduciary relationship." Gen. Motors Acceptance Corp. v. Baymon, 732 So.2d 262, 270 (Miss.1999). Simply put, "a mortgagee-mortgagor relationship is not a fiduciary one as a matter of law." Hopewell Enters., 680 So.2d at 816.
¶ 9. To recover for fraud or mistake, "the circumstances constituting fraud or mistake shall be stated with particularity." M.R.C.P. 9(b). To establish fraud, "there must be a representation of the falsity thereof, the materiality of the false representations, the speakers intent that it be acted on by the other in the anticipated manner, the hearer's ignorance of its falsity, his reliance on its truth, his right to rely thereon, and his consequent and proximate injury." McMahon v. McMahon, 247 Miss. 822, 836, 157 So.2d 494, 501 (1963). See also M.R.C.P. 9(b) cmt.
¶ 10. As applied to the facts of this case, the foregoing rules show that summary judgment was appropriate for this case. First, Bankplus's claim for deficiency and attorney's fees was appropriately dealt with by summary judgment. This is purely a matter of construing a clear and unambiguous contract. The terms of the contract are not the grounds for any of Burgess's and Boyles's claims against the bank for punitive damages. Further, Burgess and Boyles do not deny that they executed the instruments with Bankplus and that they defaulted on their obligations. The accusations of fraud are not related to the execution of the agreements, but to the inducement to reaffirm the approximately $90,000 debt in bankruptcy (thereby alleviating any relief the bankruptcy courts could give). Therefore, summary judgment was appropriate on Bankplus's claim for the deficiency on the security agreement and attorney's fees.
¶ 11. As to the second issue on appeal, the violation of an alleged fiduciary relationship, it is quite clear that the relationship between Burgess, Boyles and Bankplus was one of mortgagor-mortgagee. The only evidence that a fiduciary relationship existed was that Burgess and Boyles had known the BankPlus branch president, George Gordon, for more than twenty years. Other than that there is no indication that the dealings over this property moved beyond the security agreements executed regarding it. Absent more proof of how Burgess and Boyles changed their position in relation to any assurances made by Bankplus, there is no evidence that this relationship moved beyond a mortgagor-mortgagee relationship. Therefore, under Hopewell Enters., theirs was not a fiduciary relationship as a matter of law.
¶ 12. On the third issue for appeal, the deciding feature is that Burgess and Boyles failed to plead fraud with the requisite specificity and that any allegations of fraud are unsupported by the evidence. Burgess's statements in her depositions and affidavit to the court allege nothing more than that Gordon said the bank would "work with her" to help her pay off the debt. Nowhere is there any agreement that renegotiates the terms of the security agreement. Gordon has not been deposed in the record and there are no statements by him other than the accusations as to what he said or what the substance of those statements were intended to mean. No agreements, other than a reaffirmation agreement filed in bankruptcy, *1229 were executed. The evidence does not support the claim that Burgess and Boyles were fraudulently induced into reaffirming the debt. It was a bad decision and ran counter to any purpose that is served by filing bankruptcy, but there is no evidence that there was force, coercion or deception in the making of that decision.
¶ 13. Burgess and Boyles also alleged several other counts: 1) intentional interference with advantageous financial position; 2) bad faith business practices; 3) negligence; 4) intentional, gross, and negligent infliction of emotional distress and mental anguish; 5) breach of contract and tortious breach of contract; 6) recission and cancellation; 7) violation of the Mississippi Unfair or Deceptive Acts and Practices Act; 8) violation of Mississippi regulations for the benefit of consumer protection; and 9) violations of implied covenant of good faith and fair dealing. They also sought a temporary restraining order to prevent the sale at public auction of the twenty acres pledged as collateral.
¶ 14. On all of these counts, Burgess and Boyles failed to justify them with evidence. Further, intentional interference with advantageous financial position is not a tort recognized in Mississippi, and if it were, it can only be imagined that persons alleging it would fill the courthouses to the brim with complaints against banks, landlords, and the taxman because all debts owed could be argued to interfere with one's "advantageous financial position." Further, the mere exercise of the bank's rights under the contract cannot be said to have interfered with anyone's financial position. As to the rest, either they were not pled with sufficient specificity as to save them from summary judgment, or no existing facts could support them. In conclusion, summary judgment was appropriate in this action, which is properly characterized as a run-of-the-mill creditor-debtor collection action, and not the basis for any tort.

CONCLUSION
¶ 15. Burgess and Boyles fail to recognize that by reaffirming the $90,000 secured debt to Bankplus during the bankruptcy proceedings, they nullified any positive effects this legal remedy could offer. Nonetheless, summary judgment was appropriate in this case for adjudging the deficiency to Bankplus under Bankplus's complaints. Their relationship with BankPlus is that of mortgagor-mortgagee, and that as a matter of law is not a fiduciary relationship. Therefore, this issue for appeal has no merit. Further, the allegations of fraud and misrepresentation were not supported by sufficient specific evidence to survive the motion for summary judgment. Therefore, this case is best characterized as a creditor-debtor contract dispute, rather than the nucleus of a bad-faith business tort. Therefore, because of the lack of specific evidence supporting the counterclaim, the summary judgment as to Burgess's and Boyles's claims is affirmed. The trial court's judgment is affirmed.
¶ 16. AFFIRMED.
PITTMAN, C.J., WALLER, COBB, DIAZ, EASLEY AND CARLSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.